Papas v. Residential Capital LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand fourteen.

PRESENT:
>           RALPH K. WINTER,
>           RICHARD C. WESLEY,
>           SUSAN L. CARNEY,
>                   *Circuit Judges.*

_____

*In Re:  Residential Capital, LLC.*

_____

Paul N. Papas,

>       *Claimant-Appellant,*

v.                                                                      13-2023

Residential Capital, LLC,

>       *Debtor-Appellee.*

_____

FOR APPELLANT:             Paul N. Papas, *pro se*, Phoenix, AZ

FOR APPELLEE:        Stefan W. Engelhardt, Morrison & Foerster LLP, New York, NY, Mark A. Hearron, Morrison & Foerster, Washington, D.C.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as moot.

Appellant Paul Papas, proceeding *pro se*, appeals from the judgment of the district court affirming a bankruptcy court order, which denied Appellant's motion to convert the Chapter 11 reorganization proceedings of Appellee Residential Capital, LLC, to a Chapter 7 liquidation, pursuant to 11 U.S.C. § 1112(b). We assume the parties' familiarity with the case.

In the bankruptcy context, a case may be equitably moot when, "even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable." *In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993) ("*Chateaugay I*"). Generally, an appeal is equitably moot once the debtor's plan of reorganization has been "substantially consummated." *See Frito–Lay, Inc. v. LTV Steel Co. (In re Chateaugay Corp.)*, 10 F.3d 944, 952–53 (2d Cir. 1993) ("*Chateaugay II*"). A plan is substantially consummated when all or substantially all of the proposed transfers in a plan are completed, the successor company has assumed the business or property dealt with in the plan, and the distributions contemplated

by the plan have begun. *See* 11 U.S.C. § 1101(2). Here, Appellee auctioned off substantially all of its assets in October 2012; it made most of the transfers contemplated in its confirmed reorganization plan, transferred control of its business and property to the Liquidating Trust, and began distributions in December 2013. Accordingly, its reorganization plan is substantially consummated.

Relief from a consummated plan is inequitable if it would "unravel intricate transactions" or if the party seeking to undo the plan did not seek a stay below. *Chateaugay II*, 10 F.3d at 952-53. Here, Appellant asks us to unwind all of the transactions that have already occurred. Moreover, although Appellant asked the district court to stay the bankruptcy proceedings, he did not make his request in accordance with local court rules or first seek a stay in the bankruptcy court as required by Federal Rule of Bankruptcy Procedure 8005.

For the foregoing reasons, the appeal is **DISMISSED** as moot with prejudice**.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3